**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

S.M., A MINOR, by her next friend, ALISON
KING,

*Plaintiff*,

v.

THE CITY OF NEW YORK and GOOD
SHEPHERD SERVICES,

*Defendants*.

**STIPULATION AND
PROTECTIVE ORDER**

Case No.: 1:20-cv-05164-JPO

ECF Case

---

   **WHEREAS,** the abovementioned parties anticipate that, during the course of

discovery information and records that are protected from disclosure by federal, state, and local

laws, and regulations, as well as by policy and practice of the New York City Administration for

Children's Services (ACS), or that is non-public and/or confidential and proprietary, personal or

sensitive in nature will be requested;

   **WHEREAS,** the parties may produce certain documents pursuant to Rule 26 of the

Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for

public disclosure;

   **WHEREAS,** the parties will produce these documents only if appropriate

protection for their confidentiality is assured; and

   **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of

the Federal Rules of Civil Procedure;

   **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and

between the parties, through the undersigned, as follows:

1.  As used herein, "Action" means the pending action between Plaintiff and Defendants, captioned *S.M. v. The City of New York et al.*, 1:20-cv-05164-JPO.

2.  "Plaintiff" means S.M., a minor, by her next friend, Alison King.

3.  "Defendants" means The City of New York and Good Shepherd Services, and their officers, directors, employees, and any and all persons and/or business entities within Defendants' possession, custody or control or acting or purporting to act for or on Defendants' behalf.

4.  "Party" refers to Plaintiff and each of the Defendants individually, and "Parties" means Plaintiff and Defendants collectively.

5.  "Person" includes any individual, entity, natural person, or any business, legal or governmental entity or association.

6.  As used herein, "Confidential Materials" shall mean

   a.  Any individually identifying information (including, but not limited to, name, address, telephone number, social security number, date of birth) regarding Plaintiff;

   b.  Any ACS and Good Shepherd Services' case record concerning Plaintiff (including, but not limited to, case file documents, Connections records, medical records, correspondence, psycho-social evaluations, and Family Court records) and the information contained therein and any other ACS case file(s);

   c.  All documents containing personally identifying information, contact information (including, but not limited to, personal email addresses), employment history or family history of any present or former employee of the City of New York or Good Shepherd Services;

d.   Any personnel files (including, but not limited to, disciplinary records) of any present or former employee of the City of New York or Good Shepherd Services;

e.   Any and all documents pertaining to ACS or Good Shepherd Services policies or employee training;

f.   Hunter College High School's records concerning Plaintiff (including, but not limited to, educational records, medical records, psycho-social evaluations, and any and all communications between Plaintiff and Hunter College High School's former and current employees in connection with the subject matter of this Action as well as the foregoing employees' memoranda, notes, summaries or other writings in connection with such meetings) and the information contained therein;

g.   Any other records, documents or information concerning Plaintiff's physical, psychiatric or psychological condition; or

h.   Other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Materials" by the Parties or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are otherwise publicly available.

7.   Parties shall designate materials as "Confidential Materials" by placing or affixing the word "CONFIDENTIAL" on each page containing such material in a manner which will not interfere with its legibility.

8.   Parties and Parties' counsel shall not use the Confidential Materials for any purpose other than for the preparation or presentation of their case in this Action, and shall not be used by the receiving Party in any other legal action, administrative proceeding, or arbitration, or

any business, commercial, competitive, personal, publicity, media, or other purpose, except as required by law.

       9.   Parties and Parties' counsel and any co-counsel and/or successor counsel shall not disclose the Confidential Materials to any Person other than a Party, an attorney of record for that Party, or any member of the staff of that attorney's office who are directly assisting such counsel in the prosecution or defense of this action, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder, except under the following conditions:

       a.   Disclosure may be made only if necessary to the preparation or presentation of Parties' case in this Action.

       b.   Disclosure before trial may be made only to the Parties, to an expert who has been retained or specially employed by Parties' attorneys in anticipation of litigation or preparation for this action, to a witness at deposition or in preparation for testimony at a deposition or trial (provided that the witness was an author or recipient of the relevant Confidential Materials or otherwise if the deposing party believes in good faith that the witness has previously received or reviewed the relevant Confidential Materials), or to the Court.

       c.   Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), Parties' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the litigation of this Action and not to further disclose the Confidential Materials except in testimony taken in this Action.  The signed consent shall

be retained by Parties' counsel and a copy shall be furnished to any other Party's counsel upon request.

10. Extracts and summaries of Confidential Materials shall also be treated as confidential in accordance with the provisions of this Stipulation.

11. The production or disclosure of Confidential Materials shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

12. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

13. Nothing in this Stipulation and Protective Order shall limit any Party's use of deposition testimony it alone has designated as containing Confidential Information.

14. If a Party objects to the designation of any Confidential Materials as confidential, they shall state such objection in writing to opposing counsel, and counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the objecting party shall, within forty-five (45) days of the initial objection, request that the Court remove the designation.  Any such materials or information shall be treated as Confidential until the Parties resolve the conflict or the Court issues its ruling regarding the conflict.

15. The inadvertent production of Confidential Materials without appropriate designation of confidentiality shall not be deemed a waiver of any claim of their status as Confidential Materials.  Upon receiving reasonable notice from a Party that Confidential Materials

have not been appropriately designated, all such information shall be re-designated promptly as Confidential Materials and treated accordingly.

16. If a Party intends to file papers that incorporate any Confidential Materials or reveal the contents thereof, the Party shall first make an application to the Court in accordance with Judge Oetken's Individual Rules and Practices in Civil Cases §§ I.B. and 2.E. on filing documents in redacted form or wholly under seal.

17. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the Parties' attorneys or, upon their consent, destroyed.

18. Nothing in this Stipulation and Protective Order shall be construed to limit any Party's use of its own Confidential Materials in any manner, as permitted by law.

19. Nothing in this Stipulation and Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Materials, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Materials from disclosure.

20. If a Party purporting to hold a privilege has a good faith belief that privileged information was inadvertently produced, the Party ("Producing Party") shall notify the other Parties of the purported inadvertent production at any time in writing (an "Inadvertent Disclosure Notice"), or if any Party believes that privileged information was inadvertently produced by another Party, then that receiving Party ("Receiving Party") shall notify the Producing Party in writing of the possible inadvertent disclosure within ten (10) days of such discovery.  Upon receipt

of any Inadvertent Disclosure Notice, the Receiving Party (regardless of whether they agree with the claim of privilege or work product protection) shall:

       a.  use reasonable efforts to destroy or sequester all copies of the inadvertently produced material in their possession, custody, or control and represent to the Producing Party, or any other party purporting to hold a privilege, in writing within ten (10) days, that they have done so; and

       b.  take reasonable steps to retrieve and destroy or sequester the inadvertently produced material from other Persons, if any, to whom such material have been provided consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and notify the Producing Party, or any other party purporting to hold a privilege, in writing within ten (10) days, that they have done so.

21. To the extent a Receiving Party disputes the claim of privilege or work product protection (the "Disputing Person"), the Disputing Person shall notify in writing the Producing Person, or any other party purporting to hold a privilege, of its position within thirty (30) days of receiving an Inadvertent Disclosure Notice (a "Dispute Notification"). Within ten (10) days of receiving the Dispute Notification, the Producing Person, or any other party purporting to hold a privilege, shall either withdraw its claim of privilege or provide a written explanation for the assertion of privilege. If the Parties (or Parties and nonparties) cannot resolve the dispute, the Disputing Person may apply to the Court for a ruling on its objection to the Producing Person's (or any other party's purporting to hold a privilege) claim of privilege. The Producing Person, or any other party purporting to hold a privilege, must preserve the disputed discovery material until the claim is resolved, and the Receiving Person may not use or disclose the disputed discovery

material until the claim is resolved.  No Party shall assert as a basis for the relief it seeks the fact or circumstance that such documents have already been inadvertently produced in the Action.

22. This Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose production of any document or information on any and all grounds other than confidentiality, except to the extent such confidentiality is afforded by Paragraph 19 above.

23. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

24. The Parties reserve the right to individually seek modification of this Stipulation and Protective Order by application to the Court for good cause shown.

25. This Stipulation and Protective Order may be signed in counterparts, which taken together shall be construed as a single document.

26. Emailed or faxed copies of signatures of this Stipulation and Protective Order shall have the same force and effect as original signatures.

27. In the event the Court refuses to approve the Order, upon signature, the Parties expressly acknowledge their agreement to be bound by the terms of the Order under all circumstances.

28. The Court will retain jurisdiction over all Persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Protective Order at any time.

Dated:   New York, New York
         November 3, 2021


KIRKLAND & ELLIS, LLP                    NEW YORK CITY LAW DEPARTMENT
*Attorneys for Plaintiff*                Corporation Counsel
601 Lexington Avenue                     *Attorneys for Defendant the City of New York*
New York, NY 10022                       100 Church Street
                                         New York, New York 10007
                                         (212) 356-0871
                                         mtoews@law.nyc.gov

By: */s/ Rachel M. Fritzler*
      Rachel M. Fritzler, Esq.           By: */s/ Mark G. Toews*
                                               Mark G. Toews
                                               Wynee Ngo
                                               Assistant Corporation Counsel


                                         RUTHERFORD & CHRISTIE, LLP
                                         *Attorneys for Defendant Good Shepherd*
                                         *Services*
                                         800 Third Avenue, 9th Floor
                                         New York, New York 10022


                                         By: */s/ David S. Rutherford*
                                               David S. Rutherford, Esq.


Dated:   November 4, 2021
         New York, New York

SO ORDERED:

_____
       J. PAUL OETKEN
       United States District Judge

**EXHIBIT A**

I, _____, the undersigned hereby swear under penalty of perjury that I have read the Stipulation and Protective Order dated _____ and entered in the United States District Court for the Southern District of New York in the action entitled *S.M. v. The City of New York et al.*, 1:20-cv-05164-JPO, and understand the terms thereof.  I agree not to use the Confidential Materials defined therein for any purpose other than in connection with the litigation of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.  I aver that the Confidential Materials and any copies, notes, or other records that I make regarding the Confidential Materials shall not be used or disclosed by me or my agents to others, except in conformity with the Order.  I agree to be subject to the above identified Court's rulings regarding the imposition of appropriate sanctions, and I agree that I may be held in contempt of court if I violate the terms of the Order.


_____
Date

_____
Signature

_____
Print Name

_____
Occupation