# EXHIBIT A

Aaron H. Marks, P.C.
Rachel M. Fritzler
Jeehyeon (Jenny) Lee
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

S.M., A MINOR, by her next friend, ALISON KING,

*Plaintiff*,

v.

THE CITY OF NEW YORK and GOOD SHEPHERD SERVICES,

*Defendants*.

Case No.: 1:20-cv-05164-JPO

ECF Case

**PLAINTIFF S.M.'S FIRST SET OF REQUESTS FOR PRODUCTION TO THE CITY OF NEW YORK**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Plaintiff S.M., by her undersigned counsel, requests that Defendant The City of New York produce all of the Documents requested below in its possession, custody, or control at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, within thirty days after service of this First Set of Requests for Production.

## DEFINITIONS

As used here, the words and phrases set forth below have the meaning or meanings prescribed for them.  To the extent not otherwise defined below, S.M. adopts all defined terms as

set forth in Local Rule 26.3(c). In addition, the rules of construction applicable to all discovery requests as set forth in Local Rule 26.3(d) are applicable to these Requests for Production.

1.      "ACS" means the New York City Association for Children's Services and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

2.      "Children's Center" means The Nicholas Scoppetta Children's Center located at 492 1st Ave., New York, NY 10016, and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

3.      "City of New York" means The City of New York and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

4.      "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5.      "Defendant" means any defendant in this action, including Good Shepherd Services and The City of New York.

6.      "Documents" means any document or electronically stored information as defined in Federal Rule of Civil Procedure 34, and includes any audio and/or video recordings and ESI as defined herein.

7.      "ESI" means information that is stored in electronic media, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes metadata, system data, and fragmented data.

8.     "Euphrasian" means the Euphrasian Residence operated by Good Shepherd and located at 337 E. 17th St., New York, NY 10003, and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

9.     "Good Shepherd" means Good Shepherd Services and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

10.     "Hunter" refers to Hunter College High School located at 71 E. 94th St., New York, NY 10128, and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

11.     "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

12.     "Rapid Intervention Centers" means a short-term intensive mental health center, including but not limited to Euphrasian.

13.     "Relative" or "Relatives" means S.M.'s father, mother, aunts, uncles, brothers, sisters, cousins or any other Person with a familial relationship to S.M.

14.     "You" or "Your" refer to The City of New York, including any of its attorneys, advisors, representatives and/or all other persons acting or purporting to act on Your behalf.

## INSTRUCTIONS

1.     You shall produce all Documents within Your custody, possession, or control.

2.     Unless otherwise stated, the relevant time period for each Request is from January 1, 2019 to July 6, 2020.

3.     The use of the singular shall be deemed to include the plural, and the use of masculine, feminine, or neutral genders shall include each gender, as appropriate in context.

4.      You shall construe each Request herein independently and not with reference to any other Request for the purposes of limitation.

5.      You shall construe each Request herein as encompassing both formal and informal complaints, reports, records, grievances, Documents, and/or Communications which might otherwise be construed to be outside of its scope.

6.      The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Request all information that might otherwise be construed to be outside of its scope.

7.      The terms "all," "any," "each," and "every" shall each be construed as both "each" and "every" to bring within the scope of the Request all responses which might otherwise be construed to be outside its scope.

8.      The terms "reflect," "reflecting," "related to," "refer to," "relating to," and "referring to," mean relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

9.      The term "including" is used to emphasize certain types of information requested and shall not be construed as limiting a Request in any way.

10.      If You believe that any person or entity might have custody or control of any Document that is not within Your custody or control but is otherwise responsive to any part of this Request, You shall so state and shall identify the person or entity that You believe might have custody or control of that Document.

11.      You shall specifically identify the source(s) or derivation(s) of each Document.

12.      You shall produce each document in its entirety, without abbreviation or redaction.

13.    You shall produce all Documents in the order and manner that they are kept in the usual course of business.  You shall produce all documents in their original folders, binders, covers, or containers (or You shall provide properly sequenced photocopies thereof).

14.    You shall produce as a separate Document any Document that contains any notation, addition, insertion, or marking of any kind that renders it not entirely identical to a version of that Document without such marks.

15.    If any portion of any Document is responsive to any of these Requests, You shall produce the entire Document, including, but not limited to, all cover sheets, appendices, or attachments.

16.    If You contend that part of a Request is objectionable, You shall state the basis for Your objection with specificity, and You shall respond to that part of the Request that You do not contend is objectionable.

17.    If You contend that You do not understand the definition of any term or phrase used in a Request, You shall explain in detail what it is that You do not understand about the term or phrase at issue, and You shall respond to that part of the Request that You do understand.

18.    If You contend that any part of a Request is overbroad, You shall explain in detail why it is that You consider that part of the Request to be overbroad, and You shall respond to the remainder of the Request that You do not consider to be overbroad.

19.    If no Document responsive to a particular Request exists, You shall state so.

20.    If after responding to these Requests, You obtain or become aware of any additional Documents that are directly or indirectly responsive to any part of any of these Requests, You shall promptly produce any additional responsive Documents.  If, after answering these Requests, You learn that any part of any answer or objection to any of these Requests is incomplete, incorrect, or

improper, You shall promptly provide a supplementary written answer and shall produce any additional responsive Documents.

21.     If any Document covered by these Requests is withheld by reasons of a claim of privilege, a log is to be furnished identifying any such Document for which the privilege is claimed by providing the information required by law.

## REQUESTS FOR PRODUCTION

**Request No. 1**

All Documents relating to S.M., including all case worker and staff notes, investigatory or incident reports, medical, psychological, or other mental health evaluations of S.M. and S.M.'s case plan or file.

**Request No. 2**

All Documents that set forth, memorialize, or record all Communications with S.M. or S.M.'s Relatives.

**Request No. 3**

All Documents relating to S.M.'s education while in ACS custody, including S.M.'s education records.

**Request No. 4**

All police records involving S.M., including all missing persons reports.

**Request No. 5**

All non-privileged Documents relating to S.M.'s family court case, including S.M.'s family court case file, filings and any Documents attached thereto, or court decisions.

**Request No. 6**

All Documents relating to ACS and/or the Children's Center's intake and transfer policies and/or procedures, including policies and/or procedures relating to placements in Rapid Intervention Centers and/or lockdown facilities.

**Request No. 7**

All Documents setting forth, memorializing, or recording ACS and/or the Children's Center's criteria for assigning children to Rapid Intervention Centers and/or lockdown facilities.

**Request No. 8**

All Documents relating to the issues that are the subject of the NBC4 news report titled "NYC Moves to Protect Children at Foster Care Intake Center After I-Team Report" dated March 18, 2019 (https://www.nbcnewyork.com/news/local/nyc-moves-to-protect-children-after-i-team-report-asc-nicholas-scoppetta-childrens-center/1567649/), including policies and/or procedures implemented by ACS and/or the Children's Center in response to the issues that are the subject of that report.

**Request No. 9**

All Documents relating to ACS's policies and/or procedures relating to the execution of a transfer of a child from the Children's Center to an alternative placement, including the hours during which a transfer may occur.

**Request No. 10**

All Documents relating to the policies and/or procedures relating to the identification and selection of placements in foster homes, group homes, or other residential facilities for children housed at the Children's Center.

**Request No. 11**

All Documents relating to ACS's engagement of Good Shepherd to provide foster care services, including any contracts or arrangements between ACS and Good Shepherd relating to Euphrasian during the Relevant Time Period and any inspection records, complaints, or grievances relating to Euphrasian.

**Request No. 12**

All Documents relating to S.M.'s intake at the Children's Center in or around February 2019, including room/housing assignments, staff notes, case worker notes, medical and/or psychological or other mental health evaluations or questionnaires, incident reports involving S.M., or disciplinary reports involving S.M.

**Request No. 13**

All Documents relating to S.M.'s stay at the Children's Center in or around February 2019, including room/housing assignments, staff notes, case worker notes, medical and/or psychological or other mental health evaluations or questionnaires, incident reports involving S.M., or disciplinary reports involving S.M.

**Request No. 14**

All Documents relating to S.M.'s intake at the Children's Center in or around April 2019, including room/housing assignments, staff notes, case worker notes, medical and/or psychological or other mental health evaluations or questionnaires, incident reports involving S.M., or disciplinary reports involving S.M.

**Request No. 15**

All Documents relating to S.M.'s stay at the Children's Center in or around April 2019, including room/housing assignments, staff notes, case worker notes, medical and/or psychological

or other mental health evaluations or questionnaires, incident reports involving S.M., or disciplinary reports involving S.M.

**Request No. 16**

All Documents relating to the Children's Center's occupancy limits and the number of children housed at the Children's Center.

**Request No. 17**

All Documents relating to the decision to transfer S.M. from the Children's Center to Euphrasian and/or S.M.'s subsequent transfer from the Children's Center to Euphrasian on April 7, 2019, including case worker notes, Children's Center executive, employee, contractor, temporary employee, or volunteer notes, medical and/or psychological or mental health evaluations, and information provided to S.M. regarding the transfer.

**Request No. 18**

All Documents relating to the decision to transfer S.M. from Euphrasian to a therapeutic foster home and/or S.M.'s subsequent transfer from Euphrasian to a therapeutic foster home, including case worker notes, ACS, Children's Center, and/or Euphrasian executive, employee, contractor, temporary employee, or volunteer notes, medical and/or psychological or mental health evaluations, and information provided to S.M. regarding the transfer.

**Request No. 19**

All Documents that set forth, memorialize, or record Your Communications with any Relative regarding S.M.'s placement in Euphrasian or in a therapeutic foster home and regarding S.M.'s school attendance at Hunter and/or Euphrasian.

**Request No. 20**

All Documents that set forth, memorialize, or record any Communications between You and Good Shepherd concerning S.M.

**Request No. 21**

All Documents relating to the availability of therapeutic foster home placements, including the criteria for placement in a therapeutic foster home and the demand for therapeutic foster homes.

**Request No. 22**

All Documents relating to the identification and selection of a therapeutic foster home placement for S.M.

Dated:  New York, New York
October 15, 2021

Respectfully submitted,

KIRKLAND & ELLIS

 /s/  *Rachel M. Fritzler*

Aaron H. Marks, P.C.
Rachel M. Fritzler
Jeehyeon (Jenny) Lee
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Phone: (212) 446 4856
Fax: (212) 446 4900
aaron.marks@kirkland.com
rachel.fritzler@kirkland.com
jenny.lee@kirkland.com

*Counsel for Plaintiff S.M., a minor, by her next friend, Alison King*