# EXHIBIT B

Aaron H. Marks, P.C.
Rachel M. Fritzler
Jeehyeon (Jenny) Lee
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| S.M., A MINOR, by her next friend, ALISON KING,<br><br>*Plaintiff*,<br><br>v.<br><br>THE CITY OF NEW YORK and GOOD SHEPHERD SERVICES,<br><br>*Defendants*. | Case No.: 1:20-cv-05164-JPO<br><br>ECF Case<br><br>**PLAINTIFF S.M.'S FIRST SET OF INTERROGATORIES TO THE CITY OF NEW YORK** |

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Plaintiff S.M., by her undersigned counsel, requests that Defendant The City of New York answer each of the following Interrogatories within thirty days of service hereof.

**DEFINITIONS**

As used here, the words and phrases set forth below have the meaning or meanings prescribed for them. To the extent not otherwise defined below, S.M. adopts all defined terms as set forth in Local Rule 26.3(c). In addition, the rules of construction applicable to all discovery requests as set forth in Local Rule 26.3(d) are applicable to these Interrogatories.

1

1. "ACS" means the New York City Association for Children's Services and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

2. "Children's Center" means The Nicholas Scoppetta Children's Center located at 492 1st Ave., New York, NY 10016, and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

3. "City of New York" means The City of New York and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

4. "Communication" or "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

5. "Defendant" means any defendant in this action, including Good Shepherd Services and The City of New York.

6. "Documents" means any document or electronically stored information as defined in Federal Rule of Civil Procedure 34, and includes any audio and/or video recordings and ESI as defined herein.

7. "ESI" means information that is stored in electronic media, regardless of the media or whether it is in the original format in which it was created, and that is retrievable in perceivable form and includes metadata, system data, and fragmented data.

8. "Euphrasian" means the Euphrasian Residence operated by Good Shepherd and located at 337 E. 17th St., New York, NY 10003, and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

9. "Good Shepherd" means Good Shepherd Services and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

10. "Hunter" refers to Hunter College High School located at 71 E. 94th St., New York, NY 10128, and any of its executives, employees, contractors, temporary employees, volunteers, attorneys, representatives, agents, and assigns.

11. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

12. "Relative" or "Relatives" means S.M.'s father, mother, aunts, uncles, brothers, sisters, or any other Person with a familial relationship to S.M.

13. "You" or "Your" refer to The City of New York, including any of its attorneys, advisors, representatives and/or all other persons acting or purporting to act on Your behalf.

## INSTRUCTIONS

1. These Interrogatories are continuing in nature. If further information or documents come into your possession or are brought to your attention, supplementation of Your response may be required under Federal Rule of Civil Procedure 26(e).

2. Each Interrogatory is to be construed and answered or responded to separately and independently, and is not to be referenced to any other Interrogatory for purposes of limitation or exclusion, unless the Interrogatory expressly instructs otherwise.

3. The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all information that might otherwise be construed to be outside of its scope.

4. The terms "all," "any," "each," and "every" shall each be construed as both "each" and "every" to bring within the scope of the Interrogatory all responses which might otherwise be construed to be outside its scope.

5. For each document that You identify, attach a copy of that document to Your responses.

6. The use of the singular shall be deemed to include the plural, and the use of masculine, feminine, or neutral genders shall include each gender, as appropriate in context.

7. If an Interrogatory calls for disclosure of any information that You intend to withhold on the grounds that such information is privileged or otherwise protected from disclosure, or if any privilege is claimed as a ground for not answering any Interrogatory in full, You shall identify in writing (a) the privilege claimed; (b) the authors, addresses, and recipients of information claimed to be privileged; (c) the date of the document or oral communication; (d) the general subject matter of the privileged information; and (e) sufficient facts from which a basis and validity of the privilege can be ascertained.

8. If, after conducting a reasonable investigation, a full answer cannot be provided for any Interrogatory, state that such is the case and answer to the fullest extent possible, stating what information is available, what information cannot be provided, why the information is unavailable, and what efforts were made to obtain the unavailable information.

9. Unless otherwise specified, these Interrogatories cover the period of January 1, 2019 to July 6, 2020.

## **INTERROGATORIES**

1. Identify each Person likely to have information, along with the subjects of that information, concerning S.M.'s or the Defendants' claims or defenses in this action.

2. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers who interacted or had any contact with S.M., including their job titles, position descriptions, and the nature of their interaction or contact with S.M.

3. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers who interacted or had any contact with S.M. at the Children's Center, including their job titles, position descriptions, and the nature of their interaction or contact with S.M.

4. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers, including their job titles and position descriptions, who had any responsibility or authority to make decisions, assess, evaluate, or provide advice with respect to the assignment and/or transfer of children housed at the Children's Center to other placements, including Euphrasian and/or other residential facilities, group homes, and foster homes.

5. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers involved in or responsible for ACS's contract with Good Shepherd, including their job titles and position descriptions.

6. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers who served as S.M.'s case worker, including their job titles and position descriptions.

7. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers who had any responsibility or authority to make decisions, assess, evaluate, or provide advice with respect to S.M.'s placement in Euphrasian, including their job titles and position descriptions.

8. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers who had any responsibility or authority to make decisions, assess, evaluate, or provide

advice with respect to S.M.'s transfer out of Euphrasian, including their job titles and position descriptions.

9. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers who had any responsibility or authority to make decisions, assess, evaluate, or provide advice with respect to S.M.'s care, including their job titles and position descriptions.

10. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers who were involved in or responsible for conducting any psychological assessment of S.M. or otherwise evaluating S.M.'s mental health, including their job titles and position descriptions.

11. Identify any and all ACS employees, contractors, temporary employees, and/or volunteers who had any responsibility or authority to make decisions, assess, evaluate, or provide advice with respect to S.M.'s education, including their job titles and position descriptions.

Dated: New York, New York
October 15, 2021

        Respectfully submitted,

        KIRKLAND & ELLIS

        /s/ *Rachel M. Fritzler*

        Aaron H. Marks, P.C.
        Rachel M. Fritzler
        Jeehyeon (Jenny) Lee
        Kirkland & Ellis LLP
        601 Lexington Avenue
        New York, New York 10022
        Phone: (212) 446 4856
        Fax: (212) 446 4900
        aaron.marks@kirkland.com
        rachel.fritzler@kirkland.com
        jenny.lee@kirkland.com

        *Counsel for Plaintiff S.M., a minor, by her next friend, Alison King*