# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

S.M., A MINOR, by her next friend, ALISON KING,

                                       Plaintiff,

-against-

THE CITY OF NEW YORK and GOOD SHEPHERD
SERVICES,

                                     Defendants.

**DEFENDANT THE CITY OF NEW YORK'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

20-CV-05164 (JPO)

------------------------------------------------------------------------x

        Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant the City of New York ("the City"), by their attorney, Georgia M. Pestana, Corporation Counsel of the City of New York, hereby supplement certain responses to Plaintiff's First Set of Discovery Requests, as follows:

## GENERAL STATEMENT

        1.     By responding to any request, the City does not concede the materiality of the subject to which it refers. The City's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.     The City objects to these requests to the extent that they demand documents and/or information that are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. The City also objects to any requests for documents that is not limited in time.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to the production of that document or any other document, or its subject matter, or the information contained therein, or of the City's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. The City will provide, under separate cover, a privilege index, if applicable.

5. The City objects in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

6. The City objects in its entirety to any interrogatories or requests for production regarding the involvement of Plaintiff with the New York City Administration for Children's Services ("ACS") for which no relevant time period is identified, on the grounds that such requests are overly broad and vague and ambiguous as to the information sought.

7. Unless explicitly indicated in a response below, the City has not withheld any documents or records on account of the objections set forth throughout these responses.

8. The City is continuing to search for information responsive to the Plaintiff's requests and therefore reserves the right to supplement its response to each request with additional information, if and when such information becomes available to Defendant's counsel. The City also reserves the right to object to the future disclosure of any such information.

9. The City notes that there are, in some instances, additional copies of records contained in the records produced between November 24, 2021 to present. Where specific documents are identified in these responses, the identified Bates stamped pages refer to the first instance of these records within the body of records produced to date.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Documents relating to S.M., including all case worker and staff notes, investigatory or incident reports, medica, psychological, or other mental health evaluations of S.M. and S.M.'s case plan or file.

**OBJECTION AND RESPONSE TO REQUEST NO. 1:**

The City objects to Request No. 1 as it is overly broad in scope and time, and to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

**REQUEST NO. 2:**

All Documents that set forth, memorialize, or record all Communications with S.M. or S.M.'s Relatives.

**OBJECTION AND RESPONSE TO REQUEST NO. 2:**

The City objects to Request No. 2 as it is overly broad in scope and time, and to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City. The City further objects to Request No. 2 on the grounds that it is unduly burdensome as searching for and producing all documents (phone logs, e-mail chains, fax cover sheets, letters, text messages, etc.) reflecting communications of this nature would require an exhaustive effort. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

**REQUEST NO. 6:**

All Documents relating to ACS and/or the Children's Center's intake and transfer policies and/or procedures, including policies and/or procedures relating to placements in Rapid Intervention Centers and/or lockdown facilities.

**OBJECTION AND RESPONSE TO REQUEST NO. 6:**

The City objects to Request No. 6 as it is overly broad in scope and time. Subject to and without waiving said objections, the City refers Plaintiff to the documents bearing Bates stamp CITY DEFS 000577–000600.

**REQUEST NO. 9:**

All Documents relating to ACS's policies and/or procedure relating to the execution of a transfer of a child from the Children's Center to an alternative placement, including the hours during which a transfer may occur.

**OBJECTION AND RESPONSE TO REQUEST NO. 9:**

The City objects to Request No. 9 as it is overly broad in scope and time. Subject to and without waiving said objections, the City refers Plaintiff to the documents bearing Bates stamp CITY DEFS 000577–000600.

**REQUEST NO. 12:**

All Documents relating to S.M.'s intake at the Children's Center in or around February 2019, including room/housing assignments, staff notes, case worker notes, medical and/or psychological or other mental health evaluations or questionnaires, incident reports involving S.M., or disciplinary reports involving S.M.

**OBJECTION AND RESPONSE TO REQUEST NO. 12:**

The City objects to Request No. 12 as it is overly broad in scope, to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City, and to the extent that it calls for the production of material that is confidential and is protected from disclosure. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

**REQUEST NO. 13:**

All Documents relating to S.M.'s stay at the Children's Center in or around February 2019, including room/housing assignments, staff notes, case worker notes, medical and/or psychological or other mental health evaluations or questionnaires, incident reports involving S.M., or disciplinary reports involving S.M.

**OBJECTION AND RESPONSE TO REQUEST NO. 13:**

The City objects to Request No. 13 as it is overly broad in scope, to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City, and to the extent that it calls for the production of material that is confidential and is protected from disclosure. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

**REQUEST NO. 14:**

All Documents relating to S.M.'s intake at the Children's Center in or around April 2019, including room/housing assignments, staff notes, case worker notes, medical and/or psychological or other mental health evaluations or questionnaires, incident reports involving S.M., or disciplinary reports involving S.M.

**OBJECTION AND RESPONSE TO REQUEST NO. 14:**

The City objects to Request No. 14 as it is overly broad in scope, to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City, and to the extent that it calls for the production of material that is confidential and is protected from disclosure. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

**REQUEST NO. 15:**

All Documents relating to S.M.'s stay at the Children's Center in or around April 2019, including room/housing assignments, staff notes, case worker notes, medical and/or psychological or other mental health evaluations or questionnaires, incident reports involving S.M., or disciplinary reports involving S.M.

**OBJECTION AND RESPONSE TO REQUEST NO. 15:**

The City objects to Request No. 15 as it is overly broad in scope, to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City, and to the extent that it calls for the production of material that is confidential and is protected from disclosure. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

**REQUEST NO. 17:**

All Documents relating to the decision to transfer S.M. from the Children's Center to Euphrasian and/or S.M.'s subsequent transfer from the Children's Center to Euphrasian on April 7, 2019, including case worker notes, Children's Center executive, employee, contractor, temporary employee, or volunteer notes, medical and/or psychological or mental health evaluations, and information provided to S.M. regarding the transfer.

**OBJECTION AND RESPONSE TO REQUEST NO. 17:**

The City objects to Request No. 17 as it is overly broad in scope, to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City, and to the extent that it calls for the production of material that is confidential and is protected from disclosure. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

**REQUEST NO. 18:**

All Documents relating to the decision to transfer S.M. from Euphrasian to a therapeutic foster home and/or S.M.'s subsequent transfer from Euphrasian to a therapeutic foster home, including case worker notes, ACS, Children's Center, and/or Euphrasian executive, employee, contractor, temporary employee, or volunteer notes, medical and/or psychological or mental health evaluations, and information provided to S.M. regarding the transfer.

**OBJECTION AND RESPONSE TO REQUEST NO. 18:**

The City objects to Request No. 18 as it is overly broad in scope, to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City, and to the extent that it calls for the production of material that is confidential and is protected from disclosure. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

**REQUEST NO. 19:**

All Documents that set forth, memorialize, or record Your Communications with any Relative regarding S.M.'s placement in Euphrasian or in a therapeutic foster home and regarding S.M.'s school attendance at Hunter and/or Euphrasian.

**OBJECTION AND RESPONSE TO REQUEST NO. 19:**

The City objects to Request No. 19 as it is overly broad in scope and time, and to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City. The City further objects to Request No. 19 on the grounds that it is unduly burdensome as searching for and producing all documents (phone logs, e-mail chains, fax cover sheets, letters, text messages, etc.) reflecting communications of this nature would require an exhaustive effort. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

**REQUEST NO. 20:**

All Documents that set forth, memorialize, or record any Communications between You and Good Shepherd concerning S.M.

**OBJECTION AND RESPONSE TO REQUEST NO. 20:**

The City objects to Request No. 20 as it is overly broad in scope and time, and to the extent that it seeks information that may not be in the possession of an individual or entity that is an employee, agency, or division of the City. The City further objects to Request No. 20 on the grounds that it is unduly burdensome as searching for and producing all documents (phone logs, e-mail chains, fax cover sheets, letters, text messages, etc.) reflecting communications of this nature would require an exhaustive effort. Subject to and without waiving these objections, the City refers the Plaintiff to the documents bearing Bates stamp CITY DEFS 000009–000576.

Dated:   New York, New York
         February 11, 2022

GEORGIA M. PESTANA
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street
New York, New York 10007
(212) 356-0877
wngo@law.nyc.gov

By: _____
      Wynee Ngo
      Assistant Corporation Counsel

TO:    **BY EMAIL**
Kirkland & Ellis LLP
*Attorneys for the Plaintiff*
Rachel M. Fritzler
rachel.fritzler@kirkland.com
Jeehyeon (Jenny) Lee
jenny.lee@kirkland.com
Stephanie Shimada
stephanie.shimada@kirkland.com

Rutherford & Christie, LLP
*Attorneys for Co-Defendant*
*Good Shepherd Services*
David S. Rutherford
dsr@rutherfordchristie.com