# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Stephanie Shimada Taylor
To Call Writer Directly:
+1 212 390 4515
stephanie.taylor@kirkland.com

Facsimile:
+1 212 446 4900

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2024

May 20, 2024

**VIA ECF**

Honorable Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

Granted. Exhibits 3-6 shall remain under seal.

SO ORDERED:

5/21/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re:   *S.M. v. The City of New York, et al.*, No. 1:20-cv-05164-JPO-RWL

Dear Judge Lehrburger:

I write on behalf of Plaintiff S.M. pursuant to Federal Rule of Civil Procedure 5.2(d), and Paragraphs 6 and 16 of the Stipulation and Protective Order (ECF No. 58) (the "Protective Order"), to request leave to file under seal Exhibits 3–6 attached to the Declaration of Stephanie Shimada Taylor in Support of S.M.'s Motion to Enforce Carla Petty's Compliance with Subpoena to Attend Deposition (ECF No. 160).

Under the Protective Order, the parties may designate certain documents as "Confidential Materials" and restrict their dissemination and disclosure. *See* Protective Order ¶¶ 8, 9. If a party intends to file papers that incorporate "Confidential Materials," that party must first make an application to the Court to file documents in redacted form or wholly under seal. *Id.* ¶ 16.[1]

Exhibits 3–6, which are documents produced by Defendants the City of New York and Good Shepherd Services, should be filed under seal as they contain confidential information. Specifically, these documents contain information about Plaintiff's physical and mental health, medical and academic records, harassment and abuse, and other sensitive personal information while a minor in the foster care system.

Plaintiff's request comports with Second Circuit case law, which permits judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir.

---

[1] "If a Party intends to file papers that incorporate any Confidential Materials or reveal the contents thereof, the Party shall first make an application to the Court in accordance with Judge Oetken's Individual Rules and Practices in Civil Cases §§ I.B. and 2.E. on filing documents in redacted form or wholly under seal." *Id.* ¶ 16.

## KIRKLAND & ELLIS LLP

Honorable Robert W. Lehrburger
May 20, 2024
Page 2

2006).   The weight of the presumption is based on its value "to those monitoring the federal courts" and may be counterbalanced by "competing considerations."  *Id*.  In balancing the weight of the presumption of access against countervailing factors, courts consider "the extent of the closure or sealing sought; the potential damage to [a party] from disclosure; the significance of the public interest at stake; the extent to which [a party] intend[s] to prove [its] case by relying on documents [it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to adjudication."  *Standard Inv. Chartered Inc. v. Nat'l Ass'n of Sec. Dealers Inc.*, No. 07-cv-2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008).  Here, Plaintiff's privacy interest in information relating to the above-referenced topics outweighs the presumption of access.

For the foregoing reasons, Plaintiff respectfully requests that her motion for leave to file Exhibits 3–6 under seal be granted.  Plaintiff will file Exhibits 3–6 under seal until the Court rules on this motion.

Respectfully submitted,

*/s/ Stephanie Shimada Taylor*

Stephanie Shimada Taylor