# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Jenny Lee
To Call Writer Directly:
+1 212 390 4623
jenny.lee@kirkland.com

Facsimile:
+1 212 446 4900

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/24/2024

May 23, 2024

Granted.

SO ORDERED:

5/24/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

**VIA ECF**

Honorable Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

Re:   *S.M. v. The City of New York, et al.*, No. 1:20-cv-05164-JPO-RWL

Dear Judge Lehrburger:

I write on behalf of Plaintiff S.M. pursuant to Federal Rule of Civil Procedure 5.2(d), and Paragraphs 6 and 16 of the Stipulation and Protective Order (ECF No. 58) (the "Protective Order"), to request leave to file under seal Exhibits 18 and 19 to Plaintiff's Letter Motion to Compel (ECF No. 163).

Under the Protective Order, the parties may designate certain documents as "Confidential Materials" and restrict their dissemination and disclosure. *See* Protective Order ¶¶ 8, 9. If a party intends to file papers that incorporate "Confidential Materials," that party must first make an application to the Court to file documents in redacted form or wholly under seal. *Id.* ¶ 16.

Exhibits 18 and 19, which are documents produced by Defendant Good Shepherd Services ("GSS"), should be filed under seal as they contain confidential information concerning the care of minors in foster care as well as sensitive commercial terms between Defendants the City of New York and GSS regarding the provision of residential care services.

Plaintiff's request comports with Second Circuit case law, which permits judicial documents to remain under seal where legitimate privacy interests outweigh the "common law presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The weight of the presumption is based on its value "to those monitoring the federal courts" and may be counterbalanced by "competing considerations." *Id.* In balancing the weight of the presumption of access against countervailing factors, courts consider "the extent of the closure or sealing sought; the potential damage to [a party] from disclosure; the significance of the public interest at stake; the extent to which [a party] intend[s] to prove [its] case by relying on documents

## KIRKLAND & ELLIS LLP

Honorable Robert W. Lehrburger
May 23, 2024
Page 2

[it] seek[s] to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to adjudication." *Standard Inv. Chartered Inc. v. Nat'l Ass'n of Sec. Dealers Inc.*, No. 07-cv-2014 (SWK), 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008). Here, the parties' privacy interest in information relating to the above-referenced topics outweighs the presumption of access.

For the foregoing reasons, Plaintiff respectfully requests that her motion for leave to file Exhibits 18 and 19 under seal be granted. Plaintiff will file Exhibits 18 and 19 under seal until the Court rules on this motion.

Respectfully submitted,

*/s/ Jenny Lee*

Jenny Lee